# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                                              **Case No. 25-CR-332-JFH**

**CHRISTOPHER DON HARL,**

        **Defendant.**

## OPINION AND ORDER

Before the Court is an Unopposed Motion to Extend Scheduling Order Deadlines ("Motion") filed by Defendant Christopher Don Harl ("Defendant"). Dkt. No. 21. The Motion states that the United States of America ("Government") does not oppose the requested continuance. *Id.* at 1. For the reasons set forth below, the Motion is GRANTED.

The Motion falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends-of-justice continuance and make findings that a continuance is in the best interest of the defendant and the public. *Id.* The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id*. § 3161(h)(7)(B)(iv). The Tenth Circuit has made clear that the ends-of-justice continuance is intended to be a "rarely used tool" and that it should not be granted "cavalierly." *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends-of-justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." *Id*. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends-of-justice continuance. *Id*. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id*. at 1273.

Defendant anticipates further discovery production by the Government and requests additional time to review the evidence and prepare a defense. Dkt. No. 21 at 1-2. Additionally, Defendant notes that his attorney is scheduled to begin trial in two other cases, on November 3 and December 15, 2025. *Id.* at 2. The Court finds Defendant has executed a speedy trial waiver, asking the Court to exclude any period of delay for an ends-of-justice continuance. Dkt. No. 20. In addition to considering Defendant's interests, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends-of-justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

IT IS THEREFORE ORDERED that the Unopposed Motion to Extend Scheduling Order Deadlines filed at Dkt. No. 21 is GRANTED. The jury trial set for November 17, 2025, at 8:45 a.m. is stricken, and the following amended scheduling order is hereby entered:

| | | |
|---|---|---|
| Joint status report regarding production of discovery filed: | 11/25/2025 | |
| Notices filed: | 11/25/2025 | |

This includes all notices required by the Rules of Criminal Procedure and Evidence, including but not limited to, notices pursuant to Rule 16, 404(b), 412, 413, 414, or 609.

| | | |
|---|---|---|
| Motions to dismiss for insufficient indictment filed: | 11/25/2025 | |
| Motions and objections to notices filed: | 12/5/2025 | |

Absent good cause, motions in limine shall be filed by this date.

Motions for bill of particulars shall be filed pursuant to FRCrP 7(f).

| | | |
|---|---|---|
| Pretrial conference: | 12/19/2025 | at 9:30 am |
| Voir dire, jury instructions, stipulations, & trial briefs filed: | 1/12/2026 | |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 1/15/2026 | by 4:00 pm |
| Three hard-copy exhibit binders delivered to Court: | 1/15/2026 | by 4:00 pm |
| Jury trial: | 1/20/2026 | at 8:45 am |

Due to the Court's multi-district caseload, this schedule is relatively inflexible.

Pursuant to LCrR 47-2, any response shall be filed within seven days of any motion's filing. Replies are not permitted without leave of Court. If leave is granted, replies shall be limited to five pages.

Only one omnibus motion in limine per party and one motion to suppress per defendant is permitted without leave of Court.

The Court shall summarily deny without prejudice any motion that does not comply with LCrR 47-4, which requires a motion state on the first page whether or not it is opposed and, if opposed, state whether concurrence was refused or explain why concurrence could not be obtained.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial. Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the pretrial docket call) will be set. The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the change of plea hearing.

The parties are encouraged to review the Court's Chambers Rules.

IT IS FURTHER ORDERED that the time from November 17, 2025, inclusive, to January 20, 2025, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

Dated this 24th day of September 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE